UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN M. HELLER, | ) | CASE NO. 5:14 CV 523 |
| Plaintiff, | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| AMERICAN PUBLIC UNIVERSITY SYSTEMS, *et al.*, | ) ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) | |

On March 7, 2014, plaintiff *pro se* Dawn M. Heller filed this *in forma pauperis* action against the following defendants: American Public University Systems, the Higher Learning Commission, Sallie Mae-Department of Education, and "John Doe Subsidiaries, Affiliates, Assigns, Accreditation Boards, Granting Authorities under the Department of Justice." Plaintiff bases the court's jurisdiction on the False Claims Act (FCA), 31 U.S.C. § 3729, asserting "theft, fraudulent accounting practices, and other inter alia causes." She appears to allege in the very brief complaint that she was enrolled in a class through American Public University Systems, incurred tuition fees, but did not receive valuable educational services.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis

in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

The FCA imposes liability on any person who presents a false or fraudulent claim for payment to the government. 31 U.S.C. § 3729(a)(1). Private individuals may bring civil actions in the government's name, referred to as qui tam actions, and collect a portion of any amount recovered. 31 U.S.C. § 3730(b)(1). The FCA creates liability for presenting a false "claim," defined as "any request or demand ... for money or property which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is requested or demanded...." 31 U.S.C. § 3729(c) (2006).

As an initial matter, it is doubtful that a *pro se* litigant may even bring a False Claims Act action on behalf of the United States. *See, e.g., Jones v. Jindal*, 409 F. App'x 356 (D.C.Cir.2011) (per curiam). Moreover, even construing the complaint liberally in a light most favorable to the

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting a valid FCA claim against the named defendants. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 27, 2014